STATE *vs.* ISAIAH DEPUTY.

*Criminal Law—Indictment— Using a Female Child for Sexual Intercourse—Evidence—Husband and Wife—Rule for Contradicting Witness.*

1. In the trial of a person for using a female child for the purpose of sexual intercourse, the wife of the defendant (mother of prosecuting witness), is not a competent witness to prove the age of the prosecuting witness.

2. In such trial testimony offered to show that the prosecuting witness was a bad girl and had to be chastised at various times by the defendant for unruly conduct, *held* to be irrelevant.

3. The defendant will not be permitted to introduce any conversations or statements made by the prosecuting witness prior to the trial, even as to her age, for the purpose of contradicting or impeaching her, unless he has laid the ground by asking her whether she had made such statements.

4. Under an indictment charging the defendant with using a female child for sexual intercourse, in order to convict, the State must satisfy the jury beyond a reasonable doubt: *first,* that the female was under the age of eighteen years, *second,* that being such, the defendant used her for the purpose of sexual intercourse, and that it was done within the county.

( *October 24, 1900.*)

LORE, C. J., and GRUBB, J., sitting.

*Robert C. White*, Attorney-General, for the State.

*George M. Jones* for the defendant.

Court of General Sessions, Kent County, October Term, 1900.

INDICTMENT FOR USING A FEMALE CHILD for the purpose of sexual intercourse (No. 7, October Term, 1900).

In the trial, the State produced as a witness Annie Deputy, the wife of the defendant and mother of Lena Deputy the prosecuting witness, simply to prove the age of the said Lena Deputy. Counsel for the defendant objected to the competency of the witness.

LORE, C. J.:—We rule that the witness cannot testify to that fact against her husband.

The defendant, being placed upon the stand, was asked by his counsel whether the prosecuting witness, the said Lena Deputy, was a good girl or a bad girl; stating that he wished to prove by the defendant that he had occasion at various times to chastise the girl for unruly conduct, so as to show the motive for making, as claimed by the defendant, this false accusation against her father, thus impeaching her credibility as a witness.

Objected to by the Attorney-General as irrelevant.

LORE, C. J.:—We hold that this testimony is not admissible.

William Prattis, a witness called on behalf of the defendant, after stating that he knew the prosecuting witness and had seen her shortly after her father was put in jail when he overheard a conversation between the said prosecuting witness and another

person, was asked by Mr. Jones whether she had said anything at that time about the alleged offense for which the defendant was now on trial.

Objected to the Attorney-General, because the ground had not been laid for contradicting Lena Deputy.

*Mr. Jones:*—I don't have to lay the ground for this kind of testimony. This is to impugn the motive for her bringing this complaint here. I do not want to contradict her; I simply want to prove what she said was her motive in prosecuting her father in this way.

GRUBB, J.:—You did not ask Lena Deputy whether she had made this statement to this person, and she is entitled to be asked that question. You cannot impeach her in this way and give her no chance to explain. You must first lay the ground. We rule the question out.

Howard Hudson, another witness produced on behalf of the defendant, testified that the prosecuting witness had lived as a servant with his family during the past winter. Counsel for defendant then asked the witness the following questions:

" Did Lena Deputy have any conversation with you in reference to her age ? "

Objected to by the Attorney-General, because the ground had not been laid for contradicting Lena Deputy.

GRUBB, J.:—You can prove her age, provided you don't do it by her declarations to some other person when you have not asked her whether she stated the thing to this other person. You must first lay the ground for contradicting her before you can ask that question. The witness can state anything he knows of his own knowledge regarding her age, but cannot repeat any assertion made by her respecting it.

GRUBB, J., charging the jury:

Gentlemen of the jury:—You have been empaneled to try Isaiah Deputy, who is charged under this indictment with the crime of unlawfully using Lena Deputy for the purpose of sexual intercourse, she at the time being under the age of eighteen years.

This indictment is drawn under *Chapter 186, Volume 18, Laws of Delaware,* entitled "An Act for the Better Protection of Female Children," and the design of said act is to protect the chastity and good morals of female children.

Under this indictment it is necessary for the State to satisfy you, beyond a reasonable doubt, that the said prisoner used the said Lena Deputy for the purpose of sexual intercourse. In order to find a verdict against him you must be satisfied, *first,* that she was a female under the age of eighteen years; *second,* that being such, he used her for the purpose of sexual intercourse, and that that was done within this county of Kent.

You have heard the evidence upon each of these essential elements of this crime. It is not for us to comment upon the evidence to you at all, or to express any opinion of our own in respect thereto; we are not permitted to do so under the present Constitution of this State. You are to draw your inferences as to each of these ingredients of the offense from the evidence which you have heard detailed under oath from this witness stand. It is for you to say, under the testimony which you have heard—having seen the prosecuting witness herself, observed her appearance, observed her manner of giving her testimony, heard what she said in respect to her age and the other elements which constitute this offense— whether those necessary essential facts of the case have been proven to your satisfaction and beyond a reasonable doubt.

By a reasonable doubt is not meant a vague, whimical or merely possible doubt, but such a doubt as intelligent, reasonable and impartial men may honestly entertain after a careful examination and conscientious consideration of all the evidence.

With these observations given to you for your instruction and guidance, we leave the case now in your hands for you to render your verdict according to the law and the testimony.

Verdict, guilty.